UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.

GERALD TISDALE,

  Defendant.

---

No. 15-CR-334 (RA)

ORDER

RONNIE ABRAMS, United States District Judge:

Defendant Gerald Tisdale moves to seal records related to a 1988 New York state conviction that resulted in a youthful offender adjudication, and to redact references to that conviction in two federal presentence investigation reports. *See* Dkt. 190 ("Def. Mot."). According to Tisdale, the records were unsealed in the first instance by a state court in 1993 on his application. He was at the time being sentenced in this District by the late Judge Miriam Goldman Cedarbaum in a separate federal case (No. 92-CR-621 (MGC)), and he sought the unsealing to demonstrate to Judge Cederbaum that the 1988 offense did not result in an adult conviction. Tisdale argues that Judge Cedarbaum should have, pursuant to the New York Criminal Procedure Law, resealed the record of the state conviction following sentencing. Def. Mot. at 2. Tisdale is now serving a separate sentence imposed by this Court in 2016 in this case (No. 15-CR-334 (RA)). *See* Dkt. 124. He seeks to have the 1988 conviction sealed and redacted from the two PSRs because it is apparently presenting an obstacle to his eligibility for home confinement. Def Mot. at 3.

On July 22, 2021, the Government responded in opposition, asserting that the Court lacks jurisdiction to grant the relief sought. *See* Dkt. 192 (relying on *Doe v. United States*, 833 F.3d

192 (2d Cir. 2016)). Although the Court invited Tisdale to reply to the Government's opposition, Dkt. 193, he has not done so.

The Court agrees with the Government that it cannot grant the relief sought, seeing no basis to meaningfully distinguish Mr. Tisdale's motion from ones denied on jurisdictional grounds in *Doe* and cases decided since. *See, e.g., Doe*, 833 F.3d at 196, *United States v. Ariyo*, No. 18-CR-725 (ALC), 2021 WL 857308, at *1 (S.D.N.Y. Mar. 8, 2021); *Cicero v. United States*, No. 19-MC-1143 (MKB), 2021 WL 2075715, at *1 (E.D.N.Y. May 24, 2021); *United States v. King*, No. 14-CR-00357 (PKC), 2017 WL 4326492, at *2 (E.D.N.Y. Sept. 28, 2017). In *Doe*, the Second Circuit held that district courts generally lack jurisdiction to expunge records of valid convictions on equitable grounds, except under limited circumstances provided by statute.[1] The court noted that federal courts in criminal cases retain limited jurisdiction to entertain "specified types of post-judgment motions," *Doe*, 833 F.3d at 196 (citing Fed. R. Crim. P. 35(b)), but that the Federal Rules hardly suggest that district courts "retain jurisdiction over *any* type of motion years after a criminal case has concluded," *id*. (emphasis in original). Although "ancillary jurisdiction" allows for district courts to exercise jurisdiction over "some matters (otherwise beyond their competence) that are incidental to other matters properly before them," *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 378 (1994), the *Doe* court held that doctrine to be inapplicable to the defendant's motion to seal a prior conviction.

Ancillary jurisdiction applies "where it is necessary '(1) to permit disposition by a single court of claims that are, in varying respects and degrees, factually interdependent,' and '(2) to enable a court to function successfully, that is, to manage its proceedings, vindicate its authority,

---

[1] 18 U.S.C. § 3607(c) provides for the expungement of convictions pursuant to section 404 of the Controlled Substances Act (21 U.S.C. § 844) where the offenders were placed on prejudgment probation and were less than twenty-one years old at the time of the offense. This statutory provision is inapplicable as the 1988 conviction in question was pursuant to state law.

and effectuate its decrees.'" *Doe*, 833 F.3d at 195 (quoting *Kokkonen,* 511 U.S. at 379–80). But the underlying criminal proceedings and the motion to expunge are not "factually interdependent," they are "analytically and temporally distinct." *Id*. at 198. And "expunging a record of conviction on equitable grounds," the Second Circuit held, "is entirely unnecessary to 'manage [a court's] proceedings, vindicate its authority, [or] effectuate its decrees." *Id*. at 198, *See also Ariyo*, 2021 WL 857308, at *2 (quoting *United States v. Lucido*, 612 F.3d 871, 875 (6th Cir. 2010)) ("This criminal case was resolved over a year ago, 'and there is nothing left to manage, vindicate or effectuate.'"). Tisdale's motion is similarly premised on equitable grounds, arguing that the conviction is frustrating his ability to obtain home confinement. Under such circumstances, with this case having concluded five years ago, the Court does not have jurisdiction to award the relief sought. *Doe*, 833 F.3d at 196.

      The Court further notes that even if it had subject matter jurisdiction and could consider the motion, it doubts that the relief would be warranted in light of the facts that (1) the convictions were unsealed in the first instance by a state court on the Defendant's application, and Defendant's motion does not persuade the Court that Judge Cedarbaum was somehow bound or even authorized by the New York Criminal Procedure Law to order the state court records resealed; and (2) as the Government notes, there is nothing improper about a New York youthful offender adjudication being considered by a sentencing judge in federal court in a presentence investigation report. *See United States v. Driskell*, 277 F.3d 150, 151 (2d Cir. 2002) (a federal district court may consider a prior New York conviction that was later adjudicated as a "youthful offender" finding under state law, notwithstanding New York's statutory scheme to keep such adjudications confidential).

For the foregoing reasons, Tisdale's motion is denied. The Clerk of Court is respectfully directed to terminate the motion pending at Dkt. 190.

SO ORDERED.

Dated:   August 16, 2021
         New York, New York

_____
Ronnie Abrams
United States District Judge