| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK | USDC-SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC#:<br>DATE FILED: |

UNITED STATES OF AMERICA,

v.

GERALD TISDALE,

                  Defendant.

No. 15-cr-334 (RA)

MEMORANDUM
OPINION & ORDER

RONNIE ABRAMS, United States District Judge:

On February 18, 2022, Defendant Gerald Tisdale filed a motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A), seeking compassionate release in light of the COVID-19 pandemic. For the reasons that follow, the motion is denied.

## BACKGROUND

In February 2016, Mr. Tisdale pled guilty to a conspiracy to possess with intent to distribute heroin, in violation of 18 U.S.C. § 846. Before his arrest, Mr. Tisdale was the leader of a large-scale heroin trafficking organization based in Harlem. *See* Dkt. 131 ("Sentencing Tr.") at 28. In July 2016, he was sentenced to 120 months' imprisonment, to be followed by five years of supervised release. *Id.* at 30. Mr. Tisdale had previously been sentenced to twenty years' imprisonment for a similar narcotics conviction. *See id.* at 26-27. He is serving his current sentence at FCI Schuylkill, and he is scheduled to be released on December 24, 2023. Def. Mot. Ex. A,. at 1.

On August 9, 2020, with assistance of counsel, Mr. Tisdale filed a first motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A). Dkt. 186. Mr. Tisdale argued that his pre-existing medical conditions, which included "a chronic history of hypertension and high

cholesterol," placed him at greater risk of contracting COVID-19. *Id.* at 4. The Court denied his motion, concluding that, even if his medical conditions constituted an "extraordinary and compelling reason" for release, the sentencing factors under 18 U.S.C § 3553(a) weighed against granting his request. Dkt. 189 at 5. In particular, the Court cited the seriousness of Mr. Tisdale's crime, and the fact that he engaged in this criminal activity after already serving a substantial sentence for a prior, similar conviction. *Id.* at 6.

On December 23, 2021, Mr. Tisdale filed an internal request for compassionate release, or alternatively for priority release to home confinement under the Coronavirus Aid, Relief, and Economic Security ("CARES") Act, with the Bureau of Prisons ("BOP"). Def. Mot. Ex. B, at 6. On January 14, 2022, the BOP denied his request. *Id.* at 7-8. On February 18, 2022, proceeding *pro se*, Mr. Tisdale filed the instant, second motion for compassionate release.[1] This motion largely repeats the arguments from the August 2020 motion, although Mr. Tisdale now also asserts that he suffers from obesity in addition to hypertension. Def. Mot. 1. Mr. Tisdale further adds that, at the time he filed this motion, FCI Schuylkill had experienced numerous COVID-19 outbreaks, and he was experiencing "significant anxiety" about being infected with COVID-19 despite the fact that he is fully vaccinated. *Id.* at 4, 8.

## DISCUSSION

Under 18 U.S.C. § 3582(c)(1)(A), a district court may only reduce a term of imprisonment if: (1) there are "extraordinary and compelling reasons" that "warrant such a reduction," (2) the

---

[1] § 3852(c)(1)(A) includes a statutory exhaustion requirement: A defendant may only file a compassionate release motion after "the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf," or "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3852(c)(1)(A). Here, Mr. Tisdale filed his motion over 30 days after his internal request to the BOP on December 23, 2021. Mr. Tisdale has thus satisfied the exhaustion requirement, and his motion is properly before this Court. *See United States v. Haney*, 454 F. Supp. 3d 316, 318 (S.D.N.Y. 2020).

reduction is "consistent with applicable policy statements issued by the Sentencing Commission," and (3) the reduction is supported by the factors set forth in 18 U.S.C. § 3553(a), to the extent such factors apply.  18 U.S.C. § 3582(c)(1)(A).

Courts in this district have held that, in the context of the COVID-19 pandemic, medical conditions such as hypertension and obesity may qualify as "extraordinary and compelling reasons" to warrant release.  *See, e.g.*, *United States v. Williams-Bethea*, No. 18-CR-78 (AJN), 2020 WL 2848098, at *5 (S.D.N.Y. June 2, 2020); *United States v. Franco*, No. 12-CR-932 (PAC), 2020 WL 4344834, at *3 (S.D.N.Y. June 24, 2020).  As Mr. Tisdale notes in his motion, however, he is now fully vaccinated against COVID-19.  Def. Mot. 8; *see id.* Ex. B at 7.  Numerous courts have concluded that the fact of a defendant's vaccination weighs against release.  *See, e.g.*, *United States v. Jones*, No. 17-CR-214 (CM), 2021 WL 4120622, at *2 (S.D.N.Y. Sept. 9, 2021) (denying compassionate release motion of a defendant who suffered from pre-existing medical conditions but was fully vaccinated, explaining that "the risk of COVID-19 for a vaccinated individual is substantially reduced to the point that a defendant will typically not be able to demonstrate extraordinary and compelling reasons after he has been vaccinated"); *United States v. Mena*, No. 16-CR-850 (ER), 2021 WL 2562442, at *3 (S.D.NY. June 23, 2021) ("Access to an approved COVID-19 vaccine generally counsels against compassionate release based on COVID risk, due to the strong evidence of the effectiveness of each of the vaccines."); *United States v. Santana*, No. 18-CR-865 (VEC), 2021 WL 1819683, at *2 (S.D.N.Y. May 6, 2021) (finding no extraordinary and compelling circumstances due to "the efficacy of the COVID vaccines").

The Court recognizes that while breakthrough infections still occur, vaccination nonetheless "dramatically reduce[s] the risk of death or serious illness from the various variants of COVID-19, even the ubiquitous Omicron Variant."  *United States v. Herring*, No. 10-CR-391-67 (CM), 2022 WL 633871, at *3 (citing https://www.cdc.gov/coronavirus/2019-

3

ncov/variants/index.html). Although the Court is sympathetic to Mr. Tisdale's anxiety regarding COVID-19, the Court concludes that his medical conditions are not "extraordinary and compelling reasons" for release given his vaccination status.

Mr. Tisdale appears to offer a second "extraordinary and compelling" reason: BOP's denial of his request for priority placement in home confinement under the CARES Act. Def. Mot. 15-17. But given that the decision to grant home confinement under the CARES Act is "exclusively within the discretion of the BOP," *United States v. Ayala*, No. 17-CR-618 (RA), 2020 WL 3893543, at *1 (S.D.N.Y. July 10, 2020), this denial is not an "extraordinary and compelling" reason for early release.

Moreover, even if Mr. Tisdale had presented "extraordinary and compelling reasons" for release, the § 3553(a) factors would still weigh against granting his request. Under § 3553(a), a district court must consider the following factors when imposing a sentence:

> (1) "the nature and circumstances of the offense and the history and characteristics of the defendant";
> (2) "the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," "to afford adequate deterrence to criminal conduct," and "to protect the public from further crimes of the defendant";
> (3) "the kinds of sentences available";
> (4) "the kinds of sentence and the sentencing range established for . . . the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines";
> (5) "any pertinent policy statement . . . issued by the Sentencing Commission";
> (6) "the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct"; and
> (7) "the need to provide restitution to any victims of the offense."

18 U.S.C. § 3553(a). "[T]he § 3553(a) factors are assessed to determine whether they outweigh the 'extraordinary and compelling reasons' warranting compassionate release, particularly whether compassionate release would undermine the goals of the original sentence." *Musa v. United States*, 502 F. Supp. 3d 803, 810 (S.D.N.Y. 2020) (internal quotation marks omitted).

Here, as the Court previously concluded, the § 3553(a) factors weigh against granting Mr. Tisdale's motion. *See* Dkt. 189 at 5-7. Mr. Tisdale "ran a drug-trafficking organization in Harlem that trafficked in large, multikilogram quantities of heroin." Sentencing Tr. at 28. At sentencing, the Court explained that this was "not a victimless crime," because "[t]his kind of crime helps destroy neighborhoods and the people in them," and that "[h]eroin in particular has had a dangerous resurgence in our city in recent years, with the death toll reaching historic highs." *Id.* at 28-29. Furthermore, Mr. Tisdale committed this crime after already serving a substantial sentence for "being the leader of a crack organization operating in East Harlem," which "sold thousands of vials of crack daily, had numerous weapons to protect its trade, and did real damage to that community." *Id.* at 26-27. In imposing a sentence of 120 months—which was the mandatory minimum sentence, and below the applicable Guidelines range—the Court balanced the "very serious" nature of Mr. Tisdale's crime, the harm he caused to the community, and the fact that he was a "flawed but also beloved man who grew up amidst a malaise of poverty, crime, and drugs." *Id.* at 29.

In this second motion for compassionate release, Mr. Tisdale again insists that he would not be a danger to the community given his "impeccable record" while incarcerated, his completion of "over 50" BOP programs and educational classes, and his "solid release plan." Def Mot. 24-25. While the Court is pleased to hear of Mr. Tisdale's continued personal growth and rehabilitation, the Court is not persuaded that such progress warrants an early release. Given the seriousness of Mr. Tisdale's crime and his history of recidivism, the Court concludes that a sentence reduction would "undermine the goals of the original sentence." *Musa*, 502 F. Supp. 3d at 810.

## CONCLUSION

For the foregoing reasons, Mr. Tisdale's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) is denied. The Clerk of Court is respectfully directed to terminate the motion pending at Dkt. 196.

SO ORDERED.

Dated:    November 15, 2022
             New York, New York

_____
Ronnie Abrams
United States District Judge